**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Travis Irish, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Action Collection Agencies, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Travis Irish, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, Travis Irish ("Plaintiff"), is an adult individual residing in Fitchburg, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Action Collection Agencies, Inc. ("Action"), is a Massachusetts business entity with an address of 16 Commerce Boulevard, Unit #4, Middleboro, Massachusetts 02346, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Collectors") are individual collectors employed by Action and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Action at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Action for collection, or Action was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Action Engages in Harassment and Abusive Tactics

12. Beginning during the end of the month of September, 2013, Action contacted Plaintiff in an attempt to collect the Debt.

13. At all times referenced herein, Action placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

14. Sometimes, when Plaintiff answered the calls from Action, he was met with a period of silence, followed by being connected to a live representative.

15. Other times, when Plaintiff answered the calls, he would hear a prerecorded message stating that the call was for the purpose of collecting a debt.

16. During numerous communications between Plaintiff and Action, once Plaintiff was connected to a live representative, Action deceptively claimed they were calling in regards to cable services. After learning Plaintiff's identity, they revealed that they were calling to collect the Debt.

17. During their initial communication, Plaintiff informed Action that the Debt was created from medical bills that he had gotten after being hurt at work, and that he had filed a worker's compensation claim. Plaintiff instructed Action to contact his employer, who would take care of any unpaid claims.

18. In addition to calling Plaintiff's cellular phone attempting to collect, Action also began to repeatedly call Plaintiff's fiancé with the same prerecorded messages as Plaintiff was receiving.

19. Shortly after the calls began in the month of September, 2013, during a conversation with a live representative, Plaintiff requested that Action cease calling his and his fiancé's cellular telephones attempting to collect.

20. Despite Plaintiff's request, Action continued to harass Plaintiff and his fiancé with calls to their cellular phones at a rate of up to six calls on a weekly basis.

21. Action's use of deceptive tactics, and repeated calls to Plaintiff and his fiancé in an attempt to bully Plaintiff into paying the Debt have caused Plaintiff significant inconvenience and anxiety.

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

29.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.  At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

31.  In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." Id.

32.  Defendant's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

33.  Often times when Plaintiff answered the phone, he would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect him to the next available representative.

34. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

35. In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

36. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

38. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 3, 2014

        Respectfully submitted,

        By   /s/ Sergei Lemberg

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        Attorneys for Plaintiff